IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eddie D.[1], | ) Civil Action No. 8:22-cv-04204-JDA |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER and OPINION** |
| v. | ) |
| | ) |
| Commissioner of Social Security | ) |
| Administration, | )r |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court for a final Order pursuant to Local Civil Rules 73.02(B)(1) and 83.VII.02, D.S.C.; 28 U.S.C. § 636(c); the parties' consent to disposition by a Magistrate Judge [Doc. 5]; the Order of reference signed by the Honorable Mary Geiger Lewis on December 21, 2022 [Doc. 6]; and the Commissioner's motion to remand [Doc. 19]. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB"). [Doc. 1.] The Commissioner has moved to have the Court enter a judgment with an order of reversal, remanding the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). [Doc. 19.] Plaintiff opposes the Commissioner's motion, arguing that "remand for an award of benefits is the proper remedy, given the facts and

---

[1] The caption is modified to refer to Plaintiff by his first name and last initial consistent with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States due to significant privacy concerns in Social Security cases. *See, Tara M. v. Kijakazi*, No. 8:20-3363-BHH, 2021 WL 4777363, at *1 n.1 (D.S.C. Oct. 13, 2021).

circumstances of this case, and particularly the 'limited three year period' at issue from February 12, 2015, until March 8, 2018, as noted by the Commissioner." [Doc. 22 at 1.] The Commissioner's motion is now ripe for review.

## **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is not supported by substantial evidence, [the district court] may affirm, modify, or reverse the [Commissioner's decision] 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brenem v. Harris*, 621 F.2d 688, 690–91 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the

Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford*, 734 F.3d at 295; *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

**PROCEDURAL HISTORY**

On October 2, 2015, Plaintiff filed an application for DIB. [R. 301–02.] The Administration denied Plaintiff's claim. [R. 95–102.] Plaintiff requested a hearing by an administrative law judge ("ALJ"), and the ALJ issued a decision on April 27, 2018, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R. 103–16.] The Appeals Council subsequently granted Plaintiff's request for review, vacated the ALJ's decision, and remanded for further administrative proceedings. [R. 117–20.] After a second hearing before the same ALJ, the ALJ issued a partially favorable decision on February 5, 2020, finding Plaintiff disabled as of March 9, 2018. [R. 1088–1106.] After the Appeals Council denied review [R. 1–7], Plaintiff filed a civil action in this Court. *Devone v. Commissioner*,

8:20-cv-4262-JDA (D.S.C.). On September 1, 2021, this Court granted an unopposed motion to remand for de novo proceedings. [R. 1125.] The Appeals Council subsequently remanded the case to a different ALJ. [R. 1134–35.]

A new hearing was held on September 1, 2022 [R. 1057–86] and the ALJ issued an unfavorable decision for the period from February 12, 2015, to March 8, 2018. [R. 1038–56.] On November 22, 2022, Plaintiff filed the instant complaint in this Court asking the Court to "affirm the Commissioner's final decision awarding DIB benefits as of March 9, 2018, reverse the Commissioner's final decision that the Plaintiff did not become disabled until March 9, 2018, and remand the case for certification of benefits as of February 12, 2015 pursuant to sentence four of 42 U.S.C. §405(g)." [Doc. 1.]

In his memorandum opposing remand, Plaintiff contends that "[t]he record in this case is fully developed and contains unrebutted medical opinions from two specialists rendered during the relevant period. Thus, there is no need to remand for a fourth hearing." [Doc. 22 at 3 (footnote omitted).] Plaintiff contends "[t]he Commissioner has already been provided with three opportunities in which to obtain evidence to counter the opinions of Drs. Gerber and Skolnick but has failed to do so. When the correct legal standards are applied, the undisputed evidence documents [Plaintiff's] entitlement to benefits, warranting a remand for an award of benefits under the specific circumstances of this case." [*Id*. at 8.] The Commissioner contends, however, that the record does not compel a conclusion that Plaintiff was disabled because of unresolved factual issues concerning the analysis of medical opinions. [Doc. 19-1 at 5.] The Commissioner contends that "[b]ecause Plaintiff's challenge to the ALJ's decision turns on purported errors of articulation and disputed issues of fact, a remand for further proceedings is the

5

only appropriate remedy in this case." [*Id*. at 6.] Thus, the Commissioner contends, "remand of this matter for further proceedings and re-evaluation of Plaintiff's claim of disability is the proper remedy in this case." [*Id*. at 7.]

## **DISCUSSION AND ANALYSIS**

The Commissioner contends that further administrative action is warranted in this case because

> Plaintiff disputes the ALJ's decision to afford little weight to the medical opinions submitted by Bradley Gerber, M.D., and Matthew Skolnick, M.D., pointing to diagnostic imaging evidence, treatment history, and physical examination results that, in his view, supports those opinions (ECF No. 18 at 17-19). And, he argues that the ALJ failed to provide a "sufficient rationale" for his evaluation of those opinions, seeking additional explanation (ECF No. 18 at 17-18, 19). These issues are properly addressed through remand, not reversal.

[Doc. 19-1 at 5.]

Upon review of the arguments made, and a de novo review of the record, the Court finds that remand for additional administrative proceedings would serve the useful purpose of further developing the record. In particular, it is outside of the ambit of the Court to engage in fact-finding to render a determination regarding the limiting effects of Plaintiff's impairments or the persuasive value of the medical opinions in this case. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.").

**ORDER**

In light of the foregoing discussion and analysis, the Court finds that a further developed record would be useful so that the Commissioner can make a proper determination as to whether Plaintiff is entitled to benefits. As such, the Commissioner's motion to remand [Doc. 19] is GRANTED. Consequently, the Commissioner's decision denying Plaintiff's claim is REVERSED and this matter is REMANDED for further administrative proceedings. The Clerk is directed to enter final judgment in this matter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 23, 2024
Greenville, South Carolina